UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALFRED W. COMER, JR.,

Plaintiff,

v.

CAUSE NO.: 3:18-CV-431-PPS-MGG

DEPUTY WARDEN PAYNE, et al.,

Defendants.

OPINION AND ORDER

Alfred W. Comer, Jr., a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Comer alleges that, on April 18, 2018, he attempted to leave the dining hall, where he works, to attend a class. Sergeant Nelson ordered him to go into a small bathroom in the dining hall for a strip search. The bathroom was unsanitary with urine on the toilet, a dirty floor, and trash in the sink and on the floor. Sergeant Nelson

ordered Comer to strip. He took Comer's clothes with unclean gloves, placed them onto a dirty chair, and then ordered Comer to bend over. Before Comer could clothe himself, Sergeant Nelson opened the door to leave, which allowed other inmates who were waiting to eat to see Comer. Three hours later, at the end of Comer's shift, Sergeant Nelson ordered him to go to same bathroom for another strip search, which he conducted without using gloves. Sergeant Nelson informed that he was conducting the strip searches in accordance with a memorandum issued by Deputy Warden Payne.

On May 4, 2018, Major Nowatzke informed Comer that he authorized the use of the bathroom for strip searches. Comer told Major Nowatzke his concerns, including the risk of contracting hepatitis B and staph infection, the presence of other inmates waiting to eat, and the use of unclean gloves. Major Nowatzke stated he would look into it, but Comer continued to be subjected to strip searches in the dining hall bathroom. Comer requests money damages and to enjoin correctional staff from using the dining hall bathroom for strip searches.

Comer alleges an Eighth Amendment claim against all defendants for subjecting him to health risks posed by an unsanitary bathroom. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. *Santiago v.*

*Walls*, 599 F.3d 749, 756 (7th Cir. 2010). For money damages, plaintiff must also establish a legally cognizable harm. *Doe v. Welborn*, 110 F.3d 520, 523 (7th Cir. 1997).

Comer also alleges an Eighth Amendment claim against all defendants on the basis that the strip searches subjected him to humiliation. "A prisoner states a claim under the Eighth Amendment when he plausibly alleges that the strip-search in question was motivated by a desire to harass or humiliate rather than by a legitimate justification, such as the need for order and security in prisons." *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015). "Even where prison authorities are able to identify a valid correctional justification for the search, it may still violate the Eighth Amendment if conducted in a harassing manner intended to humiliate and cause psychological pain." *Id.*

Granting Comer the inferences to which he is entitled at this stage, he plausibly alleges that the manner in which he was strip searched subjected him to health risks and humiliation in violation of the Eighth Amendment. Therefore, the complaint adequately states an Eighth Amendment claim against Deputy Warden Payne, Major Nowatzke, and Sergeant Nelson.

For these reasons, the court:

(1) GRANTS Alfred W. Comer, Jr., leave to proceed against Deputy Warden Payne, Major Nowatzke, and Sergeant Nelson for money damages for subjecting him to humiliating and hazardous strip searches in the dining hall bathroom in violation of the Eighth Amendment;

3

(2) GRANTS Alfred W. Comer, Jr., leave to proceed on a claim for injunctive relief to prohibit correctional staff from conducting strip searches in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Services to issue and serve process on Deputy Warden Payne, Major Nowatzke, and Sergeant Nelson at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Deputy Warden Payne, Major Nowatzke, and Sergeant Nelson to respond, as provided by the Federal Rules of Civil Procedure and N.D. Ind. L. R. 10.1, only to the claims for which Alfred W. Comer, Jr., has been granted leave to proceed in this order.

SO ORDERED on July 19, 2018.

s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT