UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALFRED W. COMER, JR.,

    Plaintiff,

    v.

DEPUTY WARDEN PAYNE *et al.*,

    Defendants.

CAUSE NO. 3:18-CV-431 DRL

## OPINION & ORDER

Alfred W. Comer, Jr., a prisoner without a lawyer, filed suit against Deputy Warden George Payne, Deputy Warden Jason Nowatzke, Sergeant Timothy Nelson, Sergeant Marc Cahill, and Correctional Officer Timothy Windmiller, alleging violations of his Eighth Amendment right against cruel and unusual punishment and seeking damages and injunctive relief. A jury found against him. The court now denies the request for a permanent injunction.

## BACKGROUND

Mr. Comer sought damages and a permanent injunction "to prohibit correctional staff from conducting strip searches in violation of the Eighth Amendment" based on the conditions under which he was strip searched and the allegedly humiliating manner in which he was strip searched. A two-day jury trial on liability and damages was held from August 17-18, 2021, during which the court granted judgment as a matter of law under Fed. R. Civ. P. 50(a) for the conditions of confinement claim, and after which the jury returned a verdict in favor of all defendants on the humiliation claim. The court gave the parties until September 8, 2021 to brief the remaining permanent injunction request. The government filed a brief. Mr. Comer did not.

STANDARD

"[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156-57 (2010) (citation omitted); *see also Lacy v. Cook Cty., Illinois*, 897 F.3d 847, 867 (7th Cir. 2018). This test is premised on the finding of a constitutional violation. *Al-Alamin v. Gramley*, 926 F.2d 680, 685 (7th Cir. 1991). "When there is no continuing violation of federal law, injunctive relief is not part of a federal court's remedial power." *Id.*

Additional constraints exist on the court's remedial power when the individual seeking an injunction is a prisoner. The Prison Litigation Reform Act "circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be 'narrowly drawn, extend[ ] no further than necessary to correct the violation of the Federal right, and [use] the least intrusive means necessary to correct the violation of the Federal right.'" *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (quoting 18 U.S.C. § 3626(a)(1)(A)).

DISCUSSION

Mr. Comer's amended complaint seeks injunctive relief to prevent strip searches that violate his constitutional rights. Before assessing the four factors that Mr. Comer must demonstrate to be entitled to a permanent injunction, "the federal court must find that a constitutional violation exists." *Al-Alamin*, 926 F.2d at 685. Here, the alleged Eighth Amendment violations were adjudicated at a jury trial. After Mr. Comer rested, the court granted the government's Rule 50(a) motion on the conditions of confinement claim because Mr. Comer did not present evidence on the necessary elements of the

2

claim so that a reasonable jury could find in his favor. *See* Fed. R. Civ. P. 50(a). The jury found in favor of the defendants on the humiliation claim. No other constitutional violations were allowed to proceed to trial, and no constitutional violations were found at trial. Because no constitutional violations were found to exist, let alone continuous ones, an injunction is inappropriate. *See Al-Alamin*, 926 F.2d at 685.

The defendants also invoke defensive collateral estoppel. Collateral estoppel is appropriate when "(1) the issue sought to be precluded is the same as an issue in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must have been fully represented in the prior action." *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014). The assertion of defensive collateral estoppel "promote[s] judicial economy" by incentivizing a plaintiff to join all defendants in a single action. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979). A final judgment exists when all causes of action are concluded. *Knutson v. Vill. of Lakemoor*, 932 F.3d 572, 576 n.4 (7th Cir. 2019) (an injunction is not a separate cause of action).

Both constitutional claims asserted at the injunction stage arose from the same conduct adjudicated at the jury trial. Indeed, the constitutional violations were "the central subject matter" of the suit thereby satisfying the first element. *See Adams*, 742 F.3d at 736.

The humiliation claim was put to a jury, and the jury returned a verdict in favor of the defendants. When a valid jury verdict is returned, the court is bound by that verdict when assessing subsequent injunctive relief. *Davenport v. DeRobertis*, 844 F.2d 1310, 1313-14 (7th Cir. 1988) (noting collateral estoppel does not require a traditional "final judgment" to apply). No party has contested the validity of the jury verdict on the harassment claim. Thus, this issue was actually litigated, and essential to the judgment. *See Adams*, 742 F.3d at 736.

3

The court resolved the conditions of confinement claim through judgment as a matter of law after Mr. Comer rested. To succeed on his constitutional claim, Mr. Comer was required to prove he was strip searched under conditions subjecting him to a strong likelihood of harm; the defendant was aware of the strong likelihood of harm; the defendant consciously failed to take reasonable measures to prevent this strong likelihood; and, Mr. Comer would not have been subjected to this harm had the defendant taken these reasonable measures. *See* Seventh Circuit Civil Jury Instruction 7.15 (2017).

At trial, Mr. Comer presented several witnesses including a former prison guard, introduced exhibits into evidence, testified himself, and in all respects was the master of his arguments. Mr. Comer rested without presenting any evidence that the defendants engaged in or had knowledge of the alleged violative conduct, or that Mr. Comer was strip searched under the contested conditions. Though not given to the jury, the conditions of confinement claim was actually litigated, and the court's finding that Mr. Comer had not demonstrated a constitutional violation was essential to its dismissal. *See Adams*, 742 F.3d at 736.

Having found the first three elements of collateral estoppel satisfied, the court pauses on the final element of a full and fair representation in the prior proceeding. Although collateral estoppel may certainly apply to *pro se* litigants, *DeGuelle v. Camilli*, 724 F.3d 933, 938 (7th Cir. 2013), under some circumstances, courts will conclude that an individual who proceeded *pro se* was not afforded full and fair representation, *Simpson v. Rowan*, 125 F. App'x 720, 723 (7th Cir. 2005) (collecting intercircuit cases). These circumstances include when a litigant is not given adequate time to prepare, has serious cognitive difficulties, or is unable to understand the law and legal proceedings. *Id.*

Mr. Comer isn't in that boat. He had adequate time to prepare for trial. He had a reasonable understanding of the applicable legal standards, the factual issues to resolved at trial, and how he might present his case to the jury. He was reasonably capable of reading and writing, and the level of detail contained in his filings demonstrate his proficiency in recalling the facts of his case and communicating

4

them to others. He represented his case well. He had a full and fair opportunity to litigate these issues. *See Parklane*, 439 U.S. at 332-33 (when a party has a full and fair opportunity to litigate a claim, collateral estoppel applies). Thus Mr. Comer is collaterally estopped from relitigating the existence of alleged constitutional violations for purposes of an injunction.

There being no ongoing constitutional violations, and any subsequent assessment into these alleged violations is collaterally estopped, the court DENIES Mr. Comer's request for a permanent injunction [ECF 31] and DIRECTS the clerk to enter judgment for the defendants. This order terminates the case.

SO ORDERED.

September 28, 2021                             *s/ Damon R. Leichty*
                                               Judge, United States District Court